**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 13 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GUANGWU DONG,

           Petitioner,

  v.

MERRICK B. GARLAND, Attorney
General,

           Respondent.

No.   16-71831

Agency No. A200-250-744

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 8, 2022[**]
Pasadena, California

Before: MURGUIA, Chief Judge, and GRABER and BEA, Circuit Judges.

    Petitioner Guangwu Dong petitions for review of the Board of Immigration

Appeals' ("BIA") denial of asylum, withholding of removal, and protection under

the Convention Against Torture ("CAT"). We deny the petition.

    1. The BIA dismissed Dong's appeal of the immigration judge's ("IJ") denial

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

of asylum and withholding on the ground that the IJ's adverse credibility determination was not clearly erroneous. We review adverse credibility determinations for substantial evidence and "must uphold the agency determination unless the evidence compels a contrary conclusion." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019).

Substantial evidence supports the agency's adverse credibility determination. The IJ properly relied on Dong's shifting testimony regarding whether his son's illness improved with treatment rather than through prayer alone—particularly as this event was central to Dong's story of religious persecution. *See Shrestha v. Holder*, 590 F.3d 1034, 1047 (9th Cir. 2010) (explaining that a petitioner's "inability to consistently describe the underlying events that gave rise to his fear [is] an important factor that could be relied upon by the IJ in making an adverse credibility determination"). Further, Dong's unexplained inability to recall the date of his marriage undermined his credibility. *See id.* at 1043 & n.4 (noting that "minor inconsistencies, when aggregated or when viewed in light of the total circumstances, may undermine credibility"). Finally, the record supports the IJ's finding that Dong displayed a hesitant and nonresponsive demeanor when questioned about the details of his detention and about the date of his marriage. *See Ling Huang v. Holder*, 744 F.3d 1149, 1155 (9th Cir. 2014) (determining that the IJ's specific documentation of petitioner's "non-responsive hesitations [was]

2

sufficient to support the IJ's demeanor finding, . . . which in turn sustains the IJ's adverse credibility determination" (internal citation omitted)).

Even assuming that substantial evidence does not support two of the agency's reasons—concerning the length of a hospital stay and conditions to Dong's release from custody—substantial evidence nonetheless supports the adverse credibility determination when we consider, as we must, the "totality of the circumstances and all relevant factors." *Alam v. Garland*, 11 F.4th 1133, 1137 (9th Cir. 2021) (en banc) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)) (brackets omitted). We therefore deny the petition for review as to Dong's asylum and withholding claims.

2. Where substantial evidence supports the IJ's "determination that [the petitioner] . . . [is] not credible" and the petitioner's CAT claims were "based on the same statements" with "no other evidence," substantial evidence supports the BIA's denial of CAT relief. *Farah v. Ashcroft*, 348 F.3d 1153, 1157 (9th Cir. 2003). Here, Dong did not submit any individualized evidence that he would be tortured aside from his discredited testimony. *See Dhital v. Mukasey*, 532 F.3d 1044, 1051–52 (9th Cir. 2008) (per curiam) (determining that country conditions evidence was insufficient to establish an individualized risk of torture). We therefore also deny the petition as to Dong's CAT claim.

**PETITION DENIED.**